ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN YEH (CABN 314079)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7063
    Email: kevin.yeh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-CR-492 WHA |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| KEYDI IRIAS-TORRES, | Hearing Date: June 11, 2024 |
| Defendant. | Time: 2:00 p.m. |
| | Courtroom: No. 12, 19th Floor |
| | Judge: Hon. William H. Alsup |

**INTRODUCTION**

Keydi Irias-Torres is an extremely sympathetic defendant. Her upbringing in Honduras was difficult. She and her family have suffered abuse and trauma. She tended to a significantly disabled family member. She has a young daughter, for whom she cares and to whom she appears devoted. She has no apparent criminal history, and has behaved well on pretrial release and cooperated with Probation. Her offense—selling drugs in the Tenderloin—appears to be an aberration.

No doubt, Irias-Torres came to the United States and turned to drug dealing to make money to support her family, especially her daughter. However well-meaning her intentions, the fact remains that she chose to peddle deadly drugs in San Francisco, contributing to the tragic epidemic that is devastating

not only this city, but also the nation.

The government believes that Irias-Torres is remorseful, can be rehabilitated, and is likely sufficiently deterred from going down the path again that she previously chose. But there remains a need for general deterrence, to show others that victimizing the vulnerable and contributing to the decay of the community through drug dealing cannot and will not be tolerated.

Irias-Torres has pleaded open to the sole count in the indictment: Possession with Intent to Distribute a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The parties and Probation agree that her offense level is 15 and her criminal history category is I, resulting in a Guidelines range of 18–24 months. For the reasons herein, and considering the factors set forth in 18 U.S.C. § 3553(a), the government agrees with Probation and respectfully recommends that the Court sentence Irias-Torres to a below-Guidelines term of imprisonment of 6 months; 3 years of supervised release; forfeiture; and a special assessment of $100.

**DISCUSSION**

**I.  Factual History**

On the night of November 1, 2023, law enforcement observed and recorded Irias-Torres engage in two hand-to-hand drug transactions. Specifically, at approximately 9:51 p.m., Irias-Torres walked up to a man sitting at the top of the San Francisco Civic Center BART station steps. The two of them spoke, and then Irias-Torres pulled out a clear plastic bag, believed to contain narcotics, which she began manipulating. Irias-Torres made hand-to-hand contact with the man, who gave her money. Irias-Torres walked away and continued manipulating the bag.

Later, a second man approached Irias-Torres with his hand extended holding cash. Irias-Torres took the money, took out a clear plastic bag, manipulated the bag, and handed the man suspected narcotics.

Based on the foregoing, officers converged on Irias-Torres and arrested her for distribution of controlled substances. On her person, officers found what was later determined to be 7.147 net grams of fentanyl and 22.541 net grams of methamphetamine (mixture). Officers also found $123 cash.

**II.  Procedural History**

On November 2, 2023, the government filed a complaint charging Irias-Torres with distributing

C-weight methamphetamine. Dkt. No. 1.

On December 19, 2023, a grand jury returned a one-count indictment charging Irias-Torres with violating 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute a Mixture or Substance Containing Methamphetamine. Dkt. No. 23.

On November 9, 2024, the Court set a trial for March 11, 2024. Dkt. No. 29.

On February 5, 2024, the Honorable Sallie Kim, United States Magistrate Judge, granted the defendant pretrial release. Dkt. No. 37.

On February 20, 2024, Irias-Torres pleaded guilty to the sole count of the indictment. Dkt. No. 42.

Sentencing is set for June 11, 2024, before this Court.

**III.   Sentencing Guidelines Calculation**

The parties and Probation agree that the Guidelines calculation is as follows:

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(c)(6): | 20[1] |
| b. | Acceptance of Responsibility: | -3 |
| c. | Zero-Point Offender Adjustment: | -2 |
| d. | Adjusted Offense Level: | **15** |

The parties and Probation agree that Irias-Torres's criminal history category is I. Offense Level 15 at CHC I yields a Guidelines range of **18 to 24 months**.

**IV.   Applicable Law**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should first calculate the correct sentencing range under the Sentencing Guidelines. *See id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *See id.* at 991–93.

In arriving at the appropriate sentence, and in light of 18 U.S.C. § 3553(a), the

---

[1] The offense level is based on the combined converted drug weight of 7.147 grams of fentanyl and 22.541 grams of methamphetamine, or 62.95 kg of converted drug weight.

U.S.' SENTENCING MEM.                            3
CASE NO. 3:23-CR-492 WHA

Court should consider these factors applicable to this case, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;
>
> (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (5) the need to provide restitution to any victims of the offense.

**V.      Recommended Sentence and Section 3553(a) Factors**

**A.      Probation's Recommendation**

Probation has recommended that Irias-Torres be sentenced to a term of imprisonment of 6 months; supervised release of 3 years, and a special assessment of $100.

**B.      Government's Recommended Term of Imprisonment**

The government respectfully submits that a below Guidelines sentence of 6 months is sufficient, but not greater than necessary, to vindicate the considerations behind Section 3553(a). Here, a sentence of 6 months appropriately balances the Section 3553(a) factors, recognizing the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence, as well as taking into account the history and characteristics of the defendant, as described in the Presentence Investigation Report.

As noted, Irias-Torres is an extremely sympathetic defendant. She came from a seemingly impoverished background and suffered abuse, both at home and from the hands of others. She has no other criminal history and has had no issues since her arrest. Notably, she appears to be a single mother who cares deeply for her daughter.

The government believes that Irias-Torres regrets her poor decision to turn to drug dealing as a means to make money. It also believes that she can be rehabilitated and has likely been sufficiently deterred from making the same choice again. Indeed, she has (or should have) a strong incentive not to engage in further criminal conduct given her responsibility towards her child and now that she is fully

aware of the potential consequences of turning to wrongdoing.

Nevertheless, Irias-Torres engaged in drug dealing. However difficult her circumstances, she had a *choice*, just like the many others like her who came from similar backgrounds who chose *not* to turn to criminality. Even as she sought to support herself, her daughter, and likely her family, her decision to hawk methamphetamine and fentanyl in the Tenderloin was a selfish one that added to the persistent and devastating misery in our communities. Her sentence must therefore serve the goal of general deterrence, as an example for anyone else who might consider making the same calculation, to show that crime simply does not pay, no matter how sympathetic one's circumstances.

## CONCLUSION

In full consideration of the goals of sentencing and for the reasons stated herein, the government respectfully recommends that the Court sentence Irias-Torres to a below-Guidelines term of imprisonment of 6 months. Such a sentence is sufficient, but not greater than necessary, to vindicate the goals of Section 3553(a). The government also respectfully requests that the Court sentence Irias-Torres to a 3-year term of supervised release; forfeiture; and a special assessment of $100.

DATED: June 3, 2024							Respectfully submitted,

											ISMAIL J. RAMSEY
											United States Attorney

											  /s/
											KEVIN YEH
											Assistant United States Attorney